UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tracey Koonce, et al., | Case No. 2:22-cv-02061-CDS-DJA |
| Plaintiffs | **Order Granting Defendants' Motion to Dismiss and Motion to Compel Arbitration** |
| v. | |
| MGM Grand Hotel, LLC, et al., | [ECF Nos. 47, 48] |
| Defendants | |

In July 2023, I consolidated plaintiff Tracey Koonce, Paul Taylor, David Persi, and Inga Hakan's (plaintiffs) actions against their former employer, MGM Grand Hotel, LLC. Minute Order, ECF No. 33. Plaintiffs allege that they were terminated from their positions at MGM after refusing—for religious reasons—to be vaccinated against COVID-19, as required by an MGM policy. Amended Complaint, ECF No. 38. Plaintiffs individually raise the following claims: discrimination on the basis of religion in violation of Title VII of the Civil Rights Action of 1964 (claim one); retaliation in violation of Title VII (claim two); discrimination on the basis of religion in violation of Nevada law (claim three); and (4) retaliation in violation of Nevada law (claim four). *See generally id.*

Defendants MGM Grand Hotel, LLC and MGM Resorts International (collectively, "defendants") moved to dismiss (1) Hakan's claims in their entirety or stay Hakan's claims while arbitration proceeds; and (2) dismiss claims two and four brought by Koonce, Taylor, and Persi because they fail as a matter of law. ECF Nos. 47; 48.[1] I granted plaintiffs' stipulation to extend the briefing deadlines on the motion to dismiss. Order, ECF No. 52. Even after extending the time to do so, plaintiffs did not file a response.

---

[1] Defendants filed a motion titled "Defendant MGM Resorts International's Motion to Dismiss Consolidated Complaint and Motion to Compel Arbitration as to Plaintiff Inga Hakan's Claims; and Defendant MGM Grand Hotel, LLC's Motion to Dismiss Consolidated Complaint." Under LR IC 2-2(b), that filing was docketed as two separate entries: ECF No. 47 (motion to dismiss) and ECF No. 48 (motion to compel arbitration as to Hakan's claims). Both docket entries are identical.

## I. Legal standard

### A. Motion to dismiss

Unlike when considering motions for summary judgment, district courts are not required to examine the merits of an unopposed motion to dismiss before granting it. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. In this district, the local rules provide that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d).

Before granting an unopposed motion to dismiss, courts must weigh the following factors, outlined in *Ghazali*: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

### B. Arbitration agreement

Under the Federal Arbitration Act (FAA), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy" arising out of the contract or transaction "shall be valid, irrevocable, and enforceable save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Any party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may petition a district court for an order to compel arbitration as provided for in the arbitration agreement. *Id.* at § 4. The FAA "establishes a federal policy favoring arbitration, requiring that [courts] rigorously enforce agreements to arbitrate." *Shearson/Am. Exp. Inc. v.*

*McMahon*, 482 U.S. 220, 226 (1987) (cleaned up). "By its terms, the Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean v. Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id.*

## II.     Discussion

The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket—weigh in favor of dismissing Hakan's claims in their entirety and dismissing counts II and IV as to Koonce, Taylor, and Persi. Defendants filed their motion in September 2023. Almost six months later, plaintiffs have not filed a response, even after I extended their deadline to do so. Order, ECF No. 52. The third factor also weighs in favor of dismissal of the claims. There is no apparent risk of prejudice to defendants by dismissing this action as they filed the motion to dismiss. The fourth factor weighs against dismissing claims two and four brought by Koonce, Taylor, and Persi because it will not resolve those claims on the merits, and public policy favors disposing of cases on their merits. But a resolution on the merits is not a possibility here because Koonce, Taylor, and Persi did not file a response to the pending motion. The fifth factor, whether less dramatic measures have been considered, favors dismissal. I have considered other measures in relation to Koonce, Taylor, and Persi and find that dismissing the claims without prejudice is the least drastic measure available at this stage. Consequently, after balancing the *Henderson* factors, I find they weigh against Koonce, Taylor, Persi, so I grant defendants' motion to dismiss (ECF No. 47) as unopposed.

I must consider factors four and five differently for Hakan.

As set forth in the motion to dismiss, Hakan signed a valid arbitration agreement wherein she agreed to arbitrate "any dispute or controversy arising out of Employee's

employment. . .the cessation of Employee's employment the compensation, terms, and other conditions of Employee's employment[.]" Hakan Employment Agreement, Defs.' Ex. 1, ECF No. 47-1 at 23. That same agreement expressly stated that it "is intended to be construed as broadly as possible under applicable law so that all claims and defenses that could be raised before a court must instead be raised in arbitration." *Id*. at 24. Thus, the agreement encompassed the dispute at issue in this action because Hakan's claims are based on her employment with and termination from MGM and her termination therefrom, so Hakan must arbitrate her dispute with MGM. Further, Hakan failed to file an opposition to the motion, so she consents to arbitration.[2] *See* LR 7-2(d). Accordingly, the fourth factor weighs in favor of dismissal against Hakan. The fifth favor also weighs in favor of dismissal against Hakan. There is no prejudice to defendants as they seek dismissal. Further, there is a less drastic remedy available: arbitration. Because all the factors weigh in favor of dismissing Hakan's claims, defendant's motion to dismiss Hakan's claims is granted without prejudice.

### III.  Conclusion

IT IS THEREFORE ORDERED that defendants' **motion to dismiss [ECF No. 47] is granted**. Hakan must arbitrate her claims, so her claims are dismissed in their entirety without prejudice. Koonce, Taylor, and Persi's second and fourth claims are dismissed without prejudice.

IT IS FURTHER GRANTED that defendants' motion to compel arbitration **[ECF No. 48] is granted**.

The Clerk of Court is kindly instructed to terminate plaintiff Inga Hakan from this action.

Dated: April 3, 2024

_____
Cristina D. Silva
United States District Judge

---

[2] Because Hakan failed to oppose defendants' motion to compel arbitration, defendant's motion (ECF No. 48) is granted.